IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 16-235 |
| GREGORY BROWN, JR. | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Malicious Destruction of Property by Fire Resulting in Death<br>On or about February 14, 1995 | 18 U.S.C. § 844(i) |

### II. ELEMENTS OF THE OFFENSES

A.  **As to Count 1:**

In order for the crime of Malicious Destruction of Property by Fire Resulting in Death, in violation of 18 U.S.C. § 844(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.  That the defendant set a fire, or caused a fire to be set, in order to damage or destroy property.

**FILED**

NOV 0 1 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

    2.      That the defendant acted maliciously.

    3.      That the property was used in interstate commerce or in an activity affecting interstate commerce.

    4.      That the defendant's conduct was the direct or proximate cause of the death of a person.

### III. PENALTIES

**A.    As to Count 1: Malicious Destruction of Property by fire (18 U.S.C. § 844(i)):**

    1.      For any term of years, or life imprisonment, 18 U.S.C. § 844(i);

    2.      A fine of not more than the greater of either:

        (a)    $250,000, 18 U.S.C. § 3571(b)(3);

        <u>or</u>

        (b)    An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process, 18 U.S.C. § 3571(d);

    3.      A term of supervised release of five (5) years, 18 U.S.C. § 3583;

    4.      Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Not applicable in this case.

                                        Respectfully submitted,

                                        DAVID J. HICKTON
                                        United States Attorney

                                        */s/ Shaun Sweeney*
                                        SHAUN E. SWEENEY
                                        Assistant U.S. Attorney
                                        PA ID No. 53568